**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**BUCK R. BAGWELL**                                                                     **PLAINTIFF**

            **v.**                       **Civil No. 06-5009**

**HARTFORD CASUALTY INSURANCE COMPANY**                  **DEFENDANT**

## O R D E R

Now on this 15th day of June, 2006, comes on for consideration defendant's **Motion To Transfer** (document #7), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

1. Plaintiff Buck R. Bagwell ("Bagwell") seeks to recover from defendant Hartford Casualty Insurance Company ("Hartford") the amount of a judgment he received for personal injuries he sustained while riding in a vehicle driven by Bryan J. Kuegler ("Kuegler"), owned by Environmental Restoration Systems, Inc. ("ERS"), and insured by Hartford. The case turns on the issue of whether Kuegler was using the ERS vehicle with permission at the time Bagwell sustained his injuries.

2. Hartford moves for a transfer of the case to the United States District Court of Indiana pursuant to **28 U.S.C. §1404**, contending that all documents and witnesses relevant to the issue are in Indiana and Illinois, and that Indiana law applies.

Bagwell contends that the only relevant document is the insurance policy, and that, while there are no Arkansas witnesses,

there are likewise no Indiana witnesses[1]. Bagwell shows that he already has plans to depose Kuegler and Kuegler's father on June 15, 2006. Bagwell also points out that he sustained serious personal injuries due to Kuegler's negligence, and it would be a hardship on him to travel to Indiana to litigate. Finally, Bagwell contends that a transfer would delay resolution of the dispute.[2]

Hartford counters Bagwell's arguments by pointing out that Bagwell, not being a witness, would not be required to attend trial in a distant forum, and by asserting that cases in United States District Court in Indiana, on average, are disposed of more quickly than those in this District.

3. **Section 1404** provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The Supreme Court has held that this provision is "intended to place discretion in the district court to adjudicate motions

---

[1] Hartford lists seven "people and entities" who "may have knowledge of the events surrounding this lawsuit." Entities, of course, are not witnesses. Of the people listed, one is the agent who sold the policy, a person who would not normally have any first-hand factual information about an accident potentially covered by the policy. Three (Bernard Farmer, Joe Kuegler, and Brian Kuegler) live in Illinois. One (Mike Swieca) is shown as living in Indiana, but Bagwell offers the results of an internet search showing that Swieca now lives in Illinois.

[2] Bagwell also contends that if the Court concludes that the case should be transferred, it should be transferred to the United States District Court for the Southern District of Illinois, not to Indiana as requested by Hartford. Since neither Hartford nor Bagwell urges transfer to the Southern District of Illinois, the Court finds no reason to consider whether such transfer would be appropriate.

for transfer according to an individualized, case-by-case consideration of convenience and fairness." **Stewart Organization, Inc. v. Ricoh Corp.**, **487 U.S. 22, 29 (1988)**(internal quotation marks omitted). While the statute itself calls for consideration only of the convenience of the parties and the witnesses, and the interest of justice, those are not exclusive considerations. As was said in **J.F. Pritchard and Company v. Dow Chemical of Canada, Ltd.**, **462 F.2d 998 (8th Cir. 1972)**,

> some factors to be considered includ[e] the private interest of the litigant; the relative ease of access to sources of proof; the availability of compulsory process on the unwilling and the cost of obtaining the presence of the willing witnesses, documents, etc.; the possibility of viewing the premises involved and all other practical problems that make trial of a case easy, expeditious and inexpensive, such as the enforceability of a judgment once obtained and the relative advantages and obstacles to a fair trial.

**462 F.2d at 1000** (internal quotation marks omitted). That case also noted, however, that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'." *Id.*

4. In the case at bar, the Court finds an insufficient basis to upset the plaintiff's choice of forum. There is little indication that Indiana would be more convenient for the parties than would this District. While Bagwell may not be a material witness, his presence or absence can certainly be expected to have an impact on the presentation of his claim. There is no showing

that the Illinois witnesses would be amenable to subpoena in Indiana. Both parties have competent counsel in Arkansas already working on the case, who would have to travel - or be replaced - if the case were transferred to Indiana. Few documents are involved.

The Court is not impressed by Hartford's contention that Bagwell would likely get a trial sooner in Indiana than in Arkansas, or its apparent argument that the Court may not be capable of properly applying Indiana law if appropriate. The Court is confident that its efforts in both areas will result in a fair and expeditious result for all concerned.

5. For the foregoing reasons, the Court is not persuaded that there is sufficient reason to transfer this case, and Hartford's motion will be denied.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Transfer** (document #7) is **denied.**

**IT IS SO ORDERED.**

                              /s/ Jimm Larry Hendren
                              **JIMM LARRY HENDREN**
                              **UNITED STATES DISTRICT JUDGE**