**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**BUCK R. BAGWELL**                                                          **PLAINTIFF**

         v.                  Civil No. 06-5009

**HARTFORD CASUALTY INSURANCE COMPANY**                                      **DEFENDANT**

### O R D E R

Now on this 17th day of October, 2006, comes on for consideration defendant's **Motion For Summary Judgment** (document #14), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff, Buck R. Bagwell ("Bagwell") seeks to recover from defendant, Hartford Casualty Insurance Company ("Hartford"), the amount of a judgment he received in a suit for personal injuries sustained while riding in a vehicle driven by Bryan J. Kuegler ("Kuegler").  The vehicle was owned by Environmental Restoration Systems, Inc. ("ERS") and insured by Hartford.  Plaintiff's judgment, however, is against Kuegler, alone.

In the motion now before the Court, Hartford asks the Court to dismiss Bagwell's current action against it - contending that he does not have proper standing to bring his claim against Hartford because Hartford has denied, and continues to deny, that Kuegler was an insured under the insurance policy it issued to ERS.

Plaintiff resists Hartford's motion, arguing, *inter alia*, that he has standing to bring the action under applicable law and

that the policy in question, itself, provides him with such standing.

2. Pursuant to **Local Rule 56.1**, the parties have filed statements of facts which they contend are not in dispute. From those statements, the following significant undisputed facts are made to appear:

- * Bagwell was injured while a passenger in a vehicle driven by Kuegler and owned by ERS.
- * ERS was insured under an insurance policy (the "Policy") issued by Hartford. The parties to the Policy are ERS and Hartford.
- * Bagwell sued Kuegler, and Hartford declined to defend Kuegler, taking the position that Kuegler was not an insured under the Policy.
- * Bagwell obtained a judgment against Kuegler in the amount of $500,000.
- * Bagwell then filed the pending action against Hartford, contending that Hartford is liable on the judgment.
- * The Policy states that no one may bring suit against it until a judgment has been entered against an "insured."
- * Kuegler did not assign any rights to Bagwell.

3. Hartford contends that Bagwell cannot bring the pending action against Hartford because Kuegler is not Hartford's insured.

The contention that Kuegler is not Hartford's insured is

nothing more than that - a contention. This crucial fact has not yet been established either by stipulation of the parties or by judicial determination. Nevertheless, starting with that contention, Hartford reasons:

* that Bagwell is not in privity of contract with Hartford;

* that only a person in privity can enforce an insurance contract;

* that Bagwell's suit is one to enforce the contract; and, therefore,

* that Bagwell has no standing to proceed in this case.

In the Court's view, Hartford's motion presents an issue of law that may be resolved without reaching and deciding the issue of whether Kuegler is - or is not - an insured under the Policy.

4. It is first necessary to determine what state's law applies to the issue. The Court's jurisdiction is based on diversity, and thus analysis must begin with Arkansas law. **Metropolitan Express Services, Inc. v. City of Kansas City, Missouri, 23 F.3d 1367 (8th Cir. 1994)**.

Under Arkansas law, standing is a procedural issue, **Meeks v. State, 341 Ark. 620, 19 S.W.3d 25 (2000)**, and, as such, is governed by the law of the forum, **New Empire Life Insurance Co. v. Bowling, 241 Ark. 1051, 411 S.W.2d 863 (1967)**. The forum, Arkansas, resolves insurance coverage issues under the law of the

state where the insurance contract was made.[1] **Ferrell v. West Bend Mutual Insurance Co.**, **393 F.3d 786, 794 (8th Cir. 2005)**. The parties appear to agree that the Policy was issued in Indiana to a corporation which has its principal place of business in Indiana, and the Court has, therefore, analyzed the issue on the basis of Indiana law.

    5.   The Indiana courts define standing as a doctrine which "focuses on whether the complaining party is the proper party to invoke the trier of fact's jurisdiction," stating that the doctrine "operates as a restraint on the exercise of jurisdiction in that the trier of fact cannot proceed where there is no demonstrable injury to the complaining party." **Bennett v. Indiana Life and Health Insurance Guaranty Association**, **688 N.E.2d 171, 176 (Ind.App. 1997)**(citations omitted).

Indiana has fleshed out its standing doctrine with reference to the federal doctrine, utilizing the "functional equivalent of the federal requirement." **Community Action of Greater Indianapolis, Inc. v. Indiana Farmers Mutual Insurance Company**, **708 N.E.2d 882, fn.3 (Ind.App. 1999)**. Under federal law, standing requires:

---

[1] Hartford contended that Indiana law applies in its opening brief, because the Policy was issued in Indiana to an Illinois corporation with its principal place of business in Indiana. Bagwell did not contest this analysis, and the issues were briefed on the basis of Indiana law. Then, in its reply brief, Hartford contended that the issue is governed by Arkansas law because it is procedural. The Court, however, believes that the choice-of-law rules point the procedural issue back to Indiana law, and has thus analyzed it under Indiana law.

(a  the invasion of a legally-protected interest which is both concrete, and actual or imminent;

(b)  a causal connection between the injury and the conduct complained of;  and

(c)  the likelihood that the injury will be redressed by a favorable judicial decision.

**Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).**

6.  When the Court examines the stipulated facts in light of the foregoing precepts, it concludes that Bagwell does have standing to assert his claim.

(a)  The Court believes that Bagwell has a "demonstrable injury."  He holds a judgment in the amount of $500,000 which was awarded to compensate him for injuries sustained in an automobile accident.  It would appear that the judgment cannot be collected because insurance - which he contends provides coverage for the liability of the judgment debtor - is being denied.  If Bagwell is correct in his allegation that the insurance does provide coverage for his judgment, then he is injured if he is not allowed to collect his judgment by way of that insurance.

(b)  Bagwell has a concrete, legally protectable interest. It is the public policy of Indiana that liability insurance be the primary means of recovery for victims of automobile accidents. **Pekin Insurance Co. v. Super, 912 F.Supp. 409, 412 (S.D.Ind. 1995).** Indiana courts have held that "[t]he public represents an

anonymous third party to the insurance contract with a clearly definable interest in its interpretation." **Manor v. Statesman Insurance Co.**, **612 N.E.2d 1109, 1105 (Ind.App. 1 Dist. 1993).** Even before achieving success in the underlying tort suit, "the injured victim of an insured's tort has a legally protectable interest in the insurance policy" sufficient to support standing to seek a declaratory judgment as to whether coverage exists under the policy. **Community Action**, *supra*, **708 N.E.2d at 885-86.**

(c) Bagwell can show a causal connection between the injury and the conduct complained of. In this context, the injury is the failure of Kuegler to pay Bagwell's judgment against him and it can be traced directly to the denial of coverage for Kuegler by Hartford.

(d) There is a likelihood that the injury will be redressed by a favorable judicial decision, i.e., if Bagwell prevails in this suit, he will be paid the damages represented by his judgment against Kuegler.

7. Notwithstanding the foregoing, Hartford claims that Bagwell cannot assert a claim against it because he is a stranger to the Policy. The Court does not agree.

Under Indiana law, "a successful personal injury plaintiff can bring an action against the liability carrier if it refuses to honor its contract." **Cromer v. Sefton**, **471 N.E.2d 700, 703 (Ind.**

**App. 1 Dist. 1984).**[2] In light of the holdings in **Cromer**, **Manor**, and **Pekin**, the Court sees no basis to support the argument that an injured party can bring suit against the tortfeasor's putative insurance carrier <u>only</u> when it is undisputed that the liability carrier's policy provides coverage. Logic counsels that, in the absence of bad faith, when an insurer refuses to acknowledge liability for a judgment against a tortfeasor, the refusal will be based on the contention that no coverage exists. Indeed, where coverage is admitted, the liability carrier will have defended the underlying tort suit and will not be in a position to deny payment of a resulting judgment.

Based on the foregoing, the Court rejects Hartford's "stranger to the policy" argument.

8. In addition to the basis for standing to be found in general jurisprudence, as discussed above, the Court finds that the Policy itself specifically provides for the type of suit being brought by Bagwell herein.

A copy of the relevant portion of the Policy is submitted in connection with the pending motion. It provides in pertinent part

---

[2] Hartford contends that <u>Cromer</u> stands for the proposition that "[t]he only person who can bring an action for determination of coverage is the insured" and that "Bagwell is attempting to determine the issue of coverage." Hartford overreads <u>Cromer</u> in this respect. As the court in <u>Cromer</u> pointed out, "Indiana has held that a tort action on a contract theory by an injured party is inappropriate" but that "a successful personal injury plaintiff can bring an action against the liability carrier if it refuses to honor its contract." 471 N.E.2d at 703. The basis for this distinction is explained thus: "Clearly the policy of the law is to keep the issue of insurance out of personal injury litigation." 471 N.E.2d at 704. The case at bar presents the situation of a successful personal injury plaintiff bringing an action against a liability carrier which is alleged to be refusing to honor its contract, and as such, is not prohibited under <u>Cromer</u>.

that "[n]o one may bring legal action against" Hartford "until the amount of that obligation has finally been determined by judgment after trial."

A similar provision was examined in **Ferrell**, *supra*, and was there described as "a right of action created by an express provision in an insurance contract."

The Court, therefore, concludes that the Hartford Policy expressly created a right of action in a third party (who is not in privity, i.e., who is a stranger to the contract) to sue for injuries inflicted by a putative insured.

Hartford's contention that Kuegler is not an insured under the Policy is no impediment to such a suit since, as already noted, that contention is merely an unestablished assertion. Hartford does not claim that Kuegler is a stranger to the Policy, and in fact concedes that "Kuegler, as an employee of ERS, is in privity of contract with Hartford." Whether or not Kuegler was an insured at the time of the accident appears to turn on whether or not Kuegler had permission to drive the ERS vehicle at the time of the accident. This Court's research indicates that, under Indiana law, the issue of when permission to use a vehicle - once given - comes to an end, is not an open and shut case. As the matter now stands, the Court could only speculate as to how the trier of fact would resolve the issue of permission. Coverage is an issue that Bagwell will have to prove in order to prevail in this suit - but

Hartford offers no convincing reason to prohibit Bagwell from attempting to prove it.

9. For the foregoing reasons, the Court finds that Bagwell has standing to assert the pending claim against Hartford, and that Hartford's motion should be denied.

**IT IS THEREFORE ORDERED** that defendant's **Motion For Summary Judgment** (document #14) is **denied.**

**IT IS SO ORDERED.**

                                         /s/ Jimm Larry Hendren
                                         **JIMM LARRY HENDREN**
                                         **UNITED STATES DISTRICT JUDGE**